IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 24-cr-00039-GPG-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CHARLYNA BUTTERWORTH,

    Defendant.

**PROTECTIVE ORDER**

THIS MATTER coming before the Court upon motion of the government to enter a protective order enters the following findings and Order:

1. Due to the nature of the evidence, the privacy protection measures set forth below and afforded under the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply in this case.

2. The Act affords certain protections to child victims and child witnesses, including requiring the parties and other personnel to maintain the confidentiality of any documents that disclose the name or any other information concerning a child, maintain the confidentiality of the minor victim or witness' identity in all public filings and court proceedings, and file under seal without the necessity of a Court order any filings that disclose the identity or other personal information of the minor witness.

3. Due to the nature of the case, the Court finds that there is a significant possibility that disclosure to the public of the names or other information concerning any minor victims or witnesses in this case would be detrimental to the minors.

4. The defendant does not object to the entry of a protective order with the terms and conditions outlined below.

5. Good cause appearing, the Court hereby orders that:

(a) All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B) shall, at trial and during any and all pre-trial and post-trial proceedings in this case, refer to any minors involved by a pseudonym such as "Minor #1" for each such minor;

(b) All documents that disclose the name or any other information concerning a minor shall be kept in a secure place to which no person who does not have reason to know their contents has access, pursuant to and in compliance with 18 U.S.C. § 3509(d)(1)(A)(i);

(c) All documents that disclose the name or any other information concerning a minor or the information in them that concerns a minor shall be disclosed only to persons who, by reason of their participation in the proceeding, have reason to know such information, pursuant to and in compliance with 18 U.S.C. § 3509(d)(1)(A)(ii);

    (1) The government will provide defense counsel with a copy of discovery in this case. The discovery may be viewed only by defense counsel, the defendant, and members of the defense team, including any defense attorneys, experts, investigators, and staff from the Federal Public Defender determines necessary for the purpose of preparing a defense in this particular case.

    (2) No discovery materials that disclose the name or any other information concerning a minor (including any depictions of the minor) shall

be provided to the defendant.  The defendant may be allowed to view the discovery materials referenced in this paragraph, but only while in the direct presence of defense counsel or members of the defense team, including any defense attorneys, experts, investigators, or staff from the Federal Public Defender determines necessary for the purpose of preparing a defense in this particular case.

(d)     All documents to be filed in Court that disclose the name of or any other information concerning a child shall be filed under restriction without necessity of obtaining a Court order and the party who makes the filing shall submit to the clerk of the court (1) the complete paper to be kept under restriction and (2) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record; and

(e)     Defense counsel will take reasonable measures to ensure that counsel and members of the defense team safeguard the above-referenced information.

Dated: February 22, 2024     BY THE COURT:

JUDGE GORDON P. GALLAGHER
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO