IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-CR-00039-GPG

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CHARLYNA BUTTERWORTH,

       Defendant.

---

UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED EIGHTY DAYS FROM SPEEDY TRIAL ACT

---

Charlyna Butterworth, through counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 180-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline.

I.    <u>Procedural and Factual Background</u>

On January 10, 2024, the government filed a complaint against Ms. Butterworth alleging a violation of 18 U.S.C. § 2251(a) and (e). (ECF 1). Ms. Butterworth appeared on the complaint on January 12, 2024. (ECF 6). Counsel entered a Notice of Attorney Appearance on behalf of Ms. Butterworth on January 16, 2024. (ECF 9). On February 6, 2024, the government filed an indictment alleging violations of 18 U.S.C. § 2251(a) and (e), 2252A(a)(2) and (b)(1), and 2252A(a)(5)(B) and (b)(2). (ECF 17).

1

Defense counsel received initial discovery for Ms. Butterworth's case on February 22, 2024. The discovery was provided subject to a protective order that prohibits undersigned counsel from providing Ms. Butterworth with her own copy. Ms. Butterworth may only review her discovery with counsel during in-person legal visits. The discovery disclosed thus far includes approximately 400 pages of reports and written records, 10 videos – most of which are at least one hour long, and a data download.

Ms. Butterworth has no prior experience with the criminal legal system. She faces a mandatory minimum sentence of 15 years if convicted of counts 1-3 and a total maximum possible sentence of 120 years in prison – effectively life. Undersigned counsel anticipates that representing Ms. Butterworth will require multiple meetings over an extended time period to allow her to process the information and ensure that she fully understands her rights, the factual and legal issues in her case, and the choices available to her.

In addition to the time needed to advise Ms. Butterworth and review the discovery with her, the defense investigation began almost immediately after undersigned counsel was appointed to represent Ms. Butterworth. The details of the defense investigation are confidential, but undersigned counsel estimates that 180 days

are required to obtain records and interview witnesses necessary to prepare this case for either a resolution or trial.

Ms. Butterworth requires additional time to review the discovery with her attorney and conduct necessary pretrial investigation.

II. <u>Certification from Counsel</u>

Undersigned counsel has communicated with Ms. Butterworth about the need for a continuance to review the evidence and investigate her case and Ms. Butterworth agrees that a continuance is necessary.

III. <u>Speedy Trial Calculation</u>

The current speedy trial date is April 16, 2024. (ECF 25). An exclusion of an additional 180 days would move the 70-day speedy trial date to approximately October 13, 2024, depending on whether and when this motion is granted.

IV.     <u>Standard for Continuances</u>

A court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. §

3161(h)(7)(B)(i)-(iv). Pertinent factors that apply to an "ends of justice finding" in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States,* 130 S.Ct. 1345 (2010).

V.   <u>Argument</u>

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Ms. Butterworth requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would...result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel requires 180 additional days to thoroughly review the discovery with Ms. Butterworth, conduct necessary pre-trial investigation, fully advise Ms. Butterworth as to both the likelihood of success or failure at trial and the sentencing range she will face if convicted, and prepare for trial or negotiate a favorable disposition with the government on Ms. Butterworth's behalf. Neither Ms. Butterworth nor the government object to the requested continuance. The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame. More time is essential to guarantee her right to effective representation. Defense counsel

believes the requested extension would serve the requested purpose and allow for a complete and thorough defense investigation as well as the necessary time for plea negotiation and preparation for motions and trial.

WHEREFORE, Ms. Butterworth respectfully requests that this Court issue an Order excluding 180 days from the speedy trial time limitations.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Alison Connaughty, Assistant United States Attorney
      Alison.Connaughty@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Charlyna Butterworth (in-person review)

      s/Kilie Latendresse
      KILIE LATENDRESSE
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      kilie.latendresse@fd.org
      Attorney for Defendant