IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Criminal Action No. 1:24-cr-00039--GPG-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.


**CHARLYNA BUTTERWORTH, ,**

    Defendant

---

## **ORDER**

---

This matter is before the Court on Defendant's Unopposed Motion to Exclude One-Hundred Eighty (180) Days from the Speedy Trial Act (D. 26). In D. 26, Defendant requests a 180-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of dates and deadlines currently set. The Government is not objecting to his request. For the following reasons, the motion is GRANTED.

The motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the seventy-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The motion describes the various factors believed to necessitate the exclusion of 180 days from the speedy trial calculation, and the Court adopts and incorporates those facts here. The government filed an indictment against Defendant, Ms. Butterworth, alleging the following violations: 18 U.S.C. § 2251(a) and (e), 2252A(a)(2) and (b)(1), and 2252A(a)(5)(B) and (b)(2). See D. 17. Defendant faces a mandatory minimum sentence of 15 years if convicted of counts 1-3 and a total maximum possible sentence of 120 years in prison – effectively life   Defense Counsel states that she needs additional time to: (1) review all of the disclosed discovery; (2) conduct an initial investigation; (3) consult with Defendant about discovery, potential pretrial motion options, investigation options, and to discuss legal strategy in her case; (4) conduct necessary legal research concerning possible pretrial motions; (5) draft, edit, and file any necessary pretrial motions; and (6) effectively prepare for trial. Defense counsel received initial discovery for Ms. Butterworth's case on February 22, 2024. The discovery was provided subject to a protective order that prohibits defense counsel from providing Ms. Butterworth with her own copy. Ms. Butterworth may only review her discovery with counsel during in-person legal visits. The discovery disclosed thus far

includes approximately 400 pages of reports and written records, 10 videos – most of which are at least one hour long, and a data download. Defense counsel anticipates that representing Ms. Butterworth will require multiple meetings over an extended time period to allow her to process the information and ensure that she fully understands her rights, the factual and legal issues in her case, and the choices available to her.

The Court finds that despite working diligently on this case, defense counsel will be unable to render effective assistance within the current speedy trial time frame.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

It is, therefore, ORDERED that:

(1) Defendant's Motion for Ends of Justice Continuance (D. 26) shall be GRANTED.

4

(2) The new Speedy Trial date, which includes all tolled time, is October 14, 2024;

(3) The current deadlines are VACATED. The Court resets the next telephone status conference for July 31, 2024 at 1:30 PM in Room 323/Grand Junction before Judge Gordon Gallagher. Defendant's presence is excused. At the time of the hearing the parties shall call 571-353-2301, Access 435 004 390#. At that time, the parties shall be prepared to set a trial date. Pre-trial motions are due by August 15, 2024, and the responses are due by August 29, 2024.

(4) If any party objects to the Speedy Trial calculation in this Order, the party SHALL notify the Court within fourteen (14) days.

Dated this February 27, 2024:

Gordon P. Gallagher
United States District Judge