IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-CR-39-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHARLYNA BUTTERWORTH,

      Defendant.

---

## CHARLYNA BUTTERWORTH'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

---

Charlyna Butterworth, through counsel, submits the following objections to the Presentence Investigation Report ("PSIR"). Doc. No. 49.

### I.     Objections impacting the guideline calculation.

There are no objections that impact the guideline calculation.

### II.     Objections not impacting the guideline calculation.

The PSIR contains multiple factual misstatements, some of which may have occurred because the presentence interview occurred by phone rather than in-person, resulting in less clear communication. Ms. Butterworth respectfully requests that the following information in the PSIR be corrected:

1. Paragraph 86 of the PSIR misspells the name of Ms. Butterworth's deceased brother, Ravan Butterworth, twice.

1

2.   Paragraph 104 of the PSIR states that Ms. Butterworth has a Batman tattoo on her right wrist. The tattoo is actually a Batman movie theater shooting survivor ribbon, which commemorates the trauma she survived at sixteen years old as victim in a mass shooting that killed twelve people and injured seventy others.

3.   Paragraph 114 states that the psychological evaluation completed by Heath Hodges, Ph.D. is attached to the presentence report, but the evaluation is not attached. Ms. Butterworth requests that both the psychological evaluation prepared by Dr. Hodges and the mitigation memorandum prepared by Licensed Clinical Social Worker Rosa Amaya, which were sent to United States Probation Officer (USPO) Woodiel on June 23, 2025, be attached to the PSIR.

4.   Paragraph 123 states that Ms. Butterworth enrolled in Job Corps after high school. Ms. Butterworth enrolled in Job Corps before graduating from Yampah High School.

5.   The second paragraph on page R-6 of Exhibit A – Sentencing Recommendation to the PSIR incorrectly characterizes Ms. Butterworth as a witness in the 2012 mass shooting at the Aurora movie theater. Ms. Butterworth was a victim in that shooting. She sat two rows behind James Holmes, and although she was not physically harmed, she was in immediate danger during the shooting and believed she was going to die that night. Describing her as a witness unfairly minimizes the trauma she experienced.

Wherefore, Ms. Butterworth respectfully objects to the PSIR as set forth above.

Respectfully submitted,


VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Alecia Riewerts, Assistant United States Attorney
Alecia.Riewerts@usdoj.gov

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant